Johnson, J.
In the assignment of the bill of sale by John, son to the plaintiff, the intention of the parties is too clearly expressed to admit of any controversy. Johnson was indebted to the plaintiff in the sum of $500, and his intention was to secure the payment by a lien on the negroes. The possession of the bill of sale, assigned as it was without the possession of the negroes, or the right of possession, would be no security at all; and a construction giving the assignment that operation, would wholly defeat the obvious intention. Conceding this, the counsel for the motion have contended that it was a mere pledge of the property, as contra-distinguished from a mort. gage, and not having been accompanied by a delivery, was an executory contract, conveying no vested right, and Was consequently superceded by the sale to the defendant.
There is not, I apprehend, any difference between.the legal effect of a mortgage and a pledge; both vest a special pro-pertv in the thing mortgaged or pledged, in the person who takes to be divested on the performance of the conditions of the mortgage or pledge, and the only difference between them is in the manner of their creation. If the property be delivered, then it is technically called a pledge, and the property vests in the pledgee by the delivery; but the property in chattels may be transferred from one to another, in writing, without delivery, the delivery of the writing being a symbolical delivery of the property. If, therefore, this assignment operates to vest a property in the plaintiff, then it must operate as a mortgage. The utter worthlessness of the paper on which a bill of sale is written, precludes the idoa that that should be the subject of *589 a contract: when, therefore, Johnson assigned this bill of sale to the plaintiff, for the consideration expressed, it cannot be supposed that he intended to confer any other right than the right to the possession of it, and the necessary and natural inference is, that the property described in it was the subject of the contract. A common mode of transfering bonds and notes for the payment of money, is by the term “assign,” and although that term does not, in itself, import an authority to receive the contents, yet no one ever doubted that it was implied : under any other construction, it must be inoperative, and precisely so here. This assignment must operate to invest the .plaintiff with a property in these negroes, or it cannot operate at all. But the case of Montgomery v. Kerr, 1 Hill, 291, is decisive of this question. There it was held that the assignment of a mortgage of a chattel operated as a transfer of the rights of the mortgagee to the assignee, and that, after condition broken, he.might maintain trover for it; and, if such be the effect of the assignment of a mortgage, I apprehend the same consequences must necessarily follow from the assignment of a bill of sale : all the reasons, whether founded on principle or policy, apply as well to one case as the other.
Motion dismissed.
O’Neall and Harper, Js. concurred.